IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE PANIGIRAKIS<br>    Debtor | )<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 15-40921<br><br>Hon. Jacqueline Cox |

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES Mike Panigirakis, Debtor and Debtor-In-Possession, by and through his attorneys, The Golding Law Offices, P.C., and responds to Byline Bank's ("Byline") Motion For Relief From The Automatic Stay as follows:

Upon the admitting of a will to probate, title to real estate vests in the devisees.  Matter of Estate of Stokes, 225 Ill. App. 3d 834, 839, 587 N.E.2d 564, 568 (1992).  Anderson v. Shepard, 285 Ill. 544, 548-49, 121 N.E. 215, 216 (1918), cited by Byline, holds that:

> An administrator takes no title to real estate, either legal or equitable, but it descends to and vests in the heirs at once upon the death of the ancestor. The administrator has neither control over nor concern with the real estate, but becomes invested by the statute only with a mere naked power to apply to a court for and obtain leave to sell the same in case the personal estate is insufficient to pay debts. The heirs hold title in their own right, subject only to the payment of the debts of their ancestor in the particular mode prescribed by law and for the purpose prescribed and may sell and convey their title without hindrance.

Byline cites only to the last portion, but the preceding lines are informative.  Title to the property is vested in the Debtor.  It does not exist in a limbo wherein it is vested in the probate estate.  As Byline acknowledges, the heir may convey their title without hindrance.  In this case that title has been conveyed to the Debtor's bankruptcy estate. This differs from the heir's interest in the personal estate.  "While an administrator has the title to the personal estate, he has only a right to apply it to the payment of debts and expenses of administration, and the residue belongs to the

1

heirs at law;" Id.  Title to the real estate at issue having vested in the Debtor, it is clearly property of the bankruptcy estate subject to the Automatic Stay.  The issue now becomes whether this Court must abstain from asserting jurisdiction over the property pursuant to the so-called "probate exception."

The Supreme Court in Marshall v. Marshall, 547 U.S. 293, 312, 126 S. Ct. 1735, 1748, 164 L. Ed. 2d 480 (2006), narrowly proscribes the exception, limiting it to "the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."  The purpose of the exception is to avoid concurrent jurisdiction over the *res*.  "That is, they are fights over a property or a person in the court's control. And a court other than the one that controls the *res*—the subject of the custody battle or the property in the decedent's estate—should not be permitted to elbow its way into such a fight." Struck v. Cook Cty. Pub. Guardian, 508 F.3d 858, 860 (7th Cir. 2007).

However, Byline's admitted purpose in seeking relief from the Automatic Stay is not to keep the real property in the probate estate for purposes of the administration thereof.  Byline seeks leave to continue its foreclosure action in the chancery court, and to add the Debtor as a party thereto so he may be stripped of his vested ownership of the real property.  The executor is empowered to sell real estate only to the extent it is necessary to pay claims after the personal estate is depleted.  See 755 ILCS 5/20-4(b); Matter of Estate of Stokes, 225 Ill. App. 3d 834, 840, 587 N.E.2d 564, 568 (1992).  A foreclosure is not conducted through the probate court.  The disposition of real estate through the probate court may only be conducted by the representative of the decedent's estate and only pursuant to the procedures set forth in Article XX of the Probate Act.

2

If Byline Bank was seeking to satisfy its claim against the decedent through the liquidation of unencumbered personal assets in the probate court, the probate exception would apply, as such a sale would be conducted pursuant to the administration of the probate estate. However that is not what Byline is doing. Byline seeks leave to "resume and complete its Foreclosure against the real estate commonly known as 4249 W. Diversey and 4308-4314 W. Diversey, Chicago, Illinois." The probate court has discretion as to whether to allow the executor to sell the properties free and clear of liens or to allow Byline to proceed with a foreclosure sale. *See* <u>In re Estate of LaPlume</u>, 2014 IL App (2d) 130945, ¶ 1, 24 N.E.3d 792, 794. Byline has no desire to have this real estate administered as part of the probate estate. In fact it seeks to foreclose out the interest of the probate estate, having named Helen Panigirakis as Independent Administrator of the Estate of Emmanuel Panigirakis as party to the foreclosure action. There is no argument that the bankruptcy court cannot supersede the jurisdiction of the chancery court with regards to the disposition of real estate. If the properties were to be sold pursuant to the executor's powers, the probate exception would apply because the administrative powers of the probate act are implicated. No such public policy is served when the real estate is being administered pursuant to the Mortgage Foreclosure Act. The probate exception would apply if the stay were being lifted so that the probate estate could exercise sole control over the properties and sell them pursuant to the Probate Act. The probate exception does not apply if the property is being disposed of pursuant to the Mortgage Foreclosure Act.

The probate exception not being applicable in this case, the matter remains as to whether the Debtor has equity in the property and whether it is necessary for the Debtor's reorganization. Byline merely alleges "[o]n information and belief the value of the Byline Collateral is substantially less than the Indebtedness and there exists no equity in the Byline Collateral." This is not sufficient to meet its burden of proof. The party requesting relief from the Automatic Stay

3

bears the burden of proof on the issue of the debtor's equity in the property.  11 U.S.C. § 362(g)(1).  Beyond it's nonspecific, conclusory statement, Byline does not address the value of the properties.  Therefore Byline has not made its *prima facie* case.

As for the necessity of the properties to the Debtor's reorganization, they are rent-producing properties.  The Verified Inventory of the probate estate which Byline attached as Exhibit A to its Motion shows $96,000.00 in rents in part from these properties in 2014.  Additionally, California Floor Coverings, Inc. operates out of the 4929 W. Diversey property.  The Debtor is the heir to this company and is employed by it.  The foreclosure will result in the closure of the company, leaving the Debtor without employment income and other income which he may derive from the company.  These assets are necessary to the Debtor's reorganization.

WHEREFORE Debtor prays for entry of an order (i) denying Byline Bank's Motion For Relief From The Automatic Stay; and (ii) for any such other relief as this Court may deem just.

                Respectfully submitted,

                MIKE PANIGIRAKIS

                /s/ Jonathan D. Golding

                Jonathan D. Golding
                Attorney for the Debtor-in-Possession

Jonathan D. Golding, Esq. (ARDC 6299876)
THE GOLDING LAW OFFICES, P.C.
500 N. LaSalle Street, 2nd FL
Chicago, IL 60654
Tel:  (312) 832-7892
Fax:  (312) 755-5720
Email;  jgolding@goldinglaw.net