IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE PANIGIRAKIS | ) | Chapter 11 |
| Debtor | ) | |
| | ) | Case No. 15-40921 |
| | ) | |
| | ) | Hon. Jacqueline Cox |

AMENDED DECLARATION IN ACCORDANCE WITH
SECTION 327 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014

| | |
|---|---|
| STATE OF ILLINOIS  ) | |
|                    ) | SS: |
| COUNTY OF COOK     ) | |

Jonathan D. Golding, pursuant to 28 U.S.C.§ 1746, hereby deposes and states, under penalty of perjury, as follows:

1. I am an attorney duly licensed to practice before the United States District Court for the Northern District of Illinois and a partner with The Golding Law Offices P.C. ("GLO"), located at 500 N. Dearborn St., Suite 200, Chicago, Illinois 60654.

2. I respectfully submit this Affidavit in connection with the application of the above-captioned Debtor and Debtor in possession (the "Debtor") to retain and employ GLO and the professionals at GLO as counsel to the Debtor.

3. I have personal knowledge of the matters set forth herein. If called upon to testify, I could testify competently to the facts contained herein.

4. I am not related, and, to the best of my knowledge, no other professional employed by GLO is related to any judge of the United States Bankruptcy Court of the Northern District of Illinois, Eastern Division.

5. To the best of my knowledge, neither I, GLO, nor any of its employees hold or represent an interest adverse to the Debtor within the meaning of Bankruptcy Code §327(a).

6. To the best of my knowledge, I, GLO, and all of its employees are disinterested as that term is defined in Bankruptcy Code §101(14) and used in §327(a).

7. To the best of my knowledge, neither I, GLO, nor any of its employees have any connection to the Debtor's creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party in interest or their respective attorneys or accountants, within the meaning of Fed. R. Bankr. P. 2014(a),

8. To the extent that any such other connection to the Debtor's creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party in interest or their respective attorneys or accountants, in addition to the connections listed in Paragraph 7 above, is discovered during the pendency of this case, I will amend this Affidavit to disclose same to the Court.

9. The professional services that GLO expects to render to the Debtor include, but shall not be limited to, the following:

    (a)    To give Debtor legal advice with respect to Debtor's rights, powers and duties as Debtor-in Possession; and

    (b)    To assist Debtor in negotiation and formulation and ultimate confirmation of a plan of reorganization that deals with all creditors, including the preparation and dissemination of the disclosure statement; and

    (c)    To examine and investigate claims asserted against the Debtor; and

    (d)    To take such actions as may be necessary with reference to the claims asserted against the Debtor; and

    (e)    To investigate, advise and inform Debtor about and take action as may be necessary to collect and, in accordance with applicable law, recover or sell for the benefit of the estate, the property of the Debtor; and

(f) To prepare, on behalf of the Debtor, all necessary and appropriate applications, motions, pleadings, orders, reports and other legal papers as may be necessary or required in connection with this case; and

(g) To assist the Debtor in obtaining refinancing of her secured debt; and

(h) To perform all other legal services for the Debtor that may be necessary or appropriate in this case.

10. GLO intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and other procedures that may be fixed by this Court. GLO requests to be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses GLO incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered and the expenses are incurred. GLO is holding an advance retainer from California Floor Coverings, Inc. for the bankruptcy case in the aggregate amount of $18,000.00, of which approximately $5,000.00 was drawn down for prepetition fees and services. California Floor Coverings, Inc. is an entity owned by the Debtor's deceased father and bequeathed to the Debtor.

11. With respect to this case, GLO has advised the Debtor that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtor are as follows:

(a) Richard N. Golding $450.00 per hour

(b) Jonathan D. Golding $350.00 per hour

Other attorneys and paralegals will render services to the Debtor as needed.

The Debtor understand that the hourly rates set forth above are subject to periodic adjustments in the ordinary course of GLO's business, as the market may require or due to other conditions.

12. The hourly rates set forth above are GLO's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate GLO for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

13. Other than as set forth herein, there is no proposed arrangement to compensate GLO. GLO has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the professionals of GLO, or (b) any compensation another person or party has received or may receive.

14. By reason of the foregoing, I believe GLO is eligible for employment and retention by the Debtor pursuant to section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules

Dated: January 11, 2016

/s/
_____
Jonathan D. Golding