**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 15-40921 |
| | ) | |
| MIKE PANIGIRAKIS | ) | Chapter 11 |
|    Debtor | ) | Judge Cox |
| | ) | |
| | ) | Hearing Date: January 27, 2016 |
| | ) | Hearing Time: 11:00 a.m. |
| | ) | |

**BYLINE BANK'S REPLY IN SUPPORT OF
ITS MOTION TO MODIFY THE AUTOMATIC STAY**

Byline f/k/a North Community Bank, successor by merger with Mertrobank, successor by merger with Chicago Community Bank ("Byline"), by and through its counsel, Robbins, Salomon & Patt, Ltd., for its Reply in Support of its Motion to Modify the Automatic Stay, respectfully states as follows:

**I. Probate Exception: Debtor's Mere Expectancy Interest in the Byline Collateral, Being Part of the Probate Estate, is Not Part of the Debtor's Bankruptcy Estate.**

Emmanuel Panigirakis, the late father of Mike Panigirakis ("Debtor"), executed a promissory note in favor of Byline, in the original principal amount of $2,710,000.00, with additional principal advances of $1,445,717.30, plus interests, fees and costs ("Indebtedness"). This Indebtedness is secured by, among other things, a mortgage on certain real property commonly known as 4249 W. Diversity and 4308-4314 W. Diversity, Chicago Illinois (the "Byline Collateral"). Prior to the commencement of Debtor's bankruptcy filing, Emmanuel Panigirakis defaulted and Byline filed a Complaint in the Circuit Court of Cook County to foreclose on the Byline Collateral. Upon Emmanuel Panigirakis' death, the Byline Collateral became property of his probate estate. (See Ex. A to Byline Bank's Motion to Modify the Automatic Stay ("Motion to Modify Stay").

1

Although the Debtor initially acknowledged in his Schedules that his interest in the Byline Collateral was a mere expectancy, (see Ex. C to Motion to Modify Stay), the Debtor now claims ownership of the Byline Collateral. (See Debtor's Response in Opposition to Byline Bank's Motion to Modify the Automatic Stay, p. 1).   The Debtor fails to acknowledge that his interest is merely a future right to a distribution from his father's estate, i.e. a future expectation of an interest of unknown value in property. The Debtor's "Future Interest" in an unliquidated amount is a matter of state law as the probate estate, including the Byline Collateral, was not adjudicated or distributed at the time of the filing of the bankruptcy petition.

In *Marshall v. Marshall,* the Supreme Court affirmed the probate exception to federal court jurisdiction, stating that:

> The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.

*Marshall*, 547 U.S. 293, 296 (2006);  s*ee also In re Cochonour*, No. ADV.08-06009, 2008 WL 2345104, at *1 (Bankr. S.D. Ill. June 5, 2008) (applying the probate exception to federal jurisdiction and finding that the "probate proceeding in the Circuit Court of Cumberland County, Illinois, must proceed to its conclusion before [the bankruptcy court can] exercise jurisdiction to determine if any property arising out of the probate case is property of the bankruptcy estate.").

The facts of this case come squarely within the probate exception as applied in *In re Garcia,* 507 B.R. 32, 43 (1st Cir.BAP 2014), cited in Byline's Motion to Modify the Stay, as well as *In re Ortega*, 2014 WL 5488326, at *3 (Bankr. D.P.R. Oct. 29, 2014) *aff'd sub nom. Ortega*, 2015 WL 8270775 (B.A.P. 1st Cir. Dec. 4, 2015).  In *Ortega*, the debtor claimed that certain real property which was part of the probate estate that had not been distributed prior to the debtor's bankruptcy filing, was property of her bankruptcy estate. *Id*. The Court found that it

2

was undisputed that the debtor had an interest in part of the property that had not been adjudicated by the probate court, however, the court found the real property was not property of the bankruptcy estate stating that "[a]t most, the Debtor own[ed] a right to a potential future distribution of a fraction of the hereditary estate." *Id.* (internal citations omitted). The Court found that the probate exception to federal jurisdiction applied and therefore, the Court lacked jurisdiction. *Id*. at *3-4. Just as in *Ortega*, the Byline Collateral is property of the probate estate, which had not been adjudicated by the probate court prior to Debtor's bankruptcy filing. Because the Byline Collateral is property of the probate estate subject to the probate exception to federal jurisdiction, the Byline Collateral is not property of the bankruptcy estate and this Court lacks jurisdiction with respect to the Byline Collateral.

The Debtor misconstrues the probate exception in his Response. The Debtor takes issue with the fact that the foreclosure suit is pending in chancery court in the Circuit Court of Cook County, not the probate court, and argues that the probate exception does not apply because Byline seeks to pursue its foreclosure action in chancery. The Debtor fails to acknowledge that whether the property is foreclosed upon, liquidated, or otherwise administered is a matter for the probate court to oversee. The Byline Collateral subject to the foreclosure action is property of the probate estate. (See Ex. A to Motion to Modify Stay). As the Debtor admits, "the probate court has discretion as to whether to allow the executor to sell the properties free and clear of the liens or to allow Byline to proceed with a foreclosure sale." (Debtor's Response in Opposition to Byline Bank's Motion to Modify the Automatic Stay, p. 3; citing *In re Estate of LaPlume*, 2014 IL App (2d) 130945 ¶¶ 1, 57-59, 24 N.E.3d 792, 806). Under the probate exception the probate court has exclusive jurisdiction with respect to the administration of the probate estate. Therefore, if Byline is allowed to pursue its foreclosure action is strictly reserved to the sound

3

discretion of the probate court. The fact that the foreclosure action is pending in chancery court is not relevant to the application of the probate exception.

Because the Byline Collateral is part of the probate estate, and not property of the bankruptcy estate, it is not protected by the automatic stay. *Ortega*, 2015 WL 8270775, at *2 (B.A.P. 1st Cir. Dec. 4, 2015). Therefore this Court should enter a finding that based upon the probate exception to federal jurisdiction it lacks jurisdiction over the Byline Collateral thereby allowing the probate court to exercise its exclusive jurisdiction over the probate estate.

II. **Byline is Entitled to Have the Automatic Stay Modified to Allow it to Foreclose its Mortgage on the Byline Collateral.**

In the alternative, if this Court finds that the Byline Collateral is part of the Debtor's bankruptcy estate and is therefore subject to the automatic stay, the automatic stay should be modified, pursuant to 11 U.S.C. § 362(d). A decision to modify or lift the automatic stay is left to the sound discretion of the bankruptcy court. *In re C & S Grain Co.,* 47 F.3d 233, 238 (7th Cir.1995).

Section 362(d) of the Bankruptcy Code provides two grounds under which relief from the automatic stay may be granted. The first ground is for cause, including lack of adequate protection. 11 U.S.C. § 362(d)(1). The Debtor has not offered any form of adequate protection of Byline's interest in the Byline Collateral. The second ground is the debtor's lack of equity in the property and the property is not necessary to an effective reorganization. U.S.C. § 362(d)(2); *In re Batista-Sanechez*, 493 B.R. 521, 527-28 (Bankr. N.D. Ill. 2013). Byline, as the party seeking relief from the stay, has the burden of demonstrating that the Debtor has no equity in the Byline Collateral. The Debtor has the burden of demonstrating that the Byline Collateral is necessary to an effective reorganization. *Batista-Sanechez*, 493 B.R. at 528. As discussed below, the Debtor

does not have equity in the Byline Collateral, and the Debtor has not met his burden of proving that the Byline Collateral is necessary to the Debtor's reorganization.

### A.     Debtor Does Not Have Equity in the Byline Collateral.

Although this Court determines what is property of the bankruptcy estate, the nature and extent of the Debtor's legal and equitable interest in property are determined by state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). Under Illinois law, "heirs or devisees of real estate take title thereto subject to the demands, debts or claims legally filed and allowed against the estate." *Alward v. Borah*, 381 Ill. 134, 136, 44 N.E.2d 865, 867 (1942). Heirs and devisees are liable "for all the debts, claims and demands of the ancestor or devisor, to the extent of the real estate received by them…" *Straus Bros. Co. v. Rush*, 241 Ill. App. 216, 222 (Ill. App. Ct. 1926). Here, Debtor's interest in the Byline Collateral, if any, is subject to Byline's mortgage and its claims against the probate estate. Thus, Byline's secured indebtedness must be satisfied prior to any distribution to the Debtor of any residual interest or equity.

The Verified Inventory filed in the probate case listed the Byline Collateral as property of the probate estate. (*See* Ex. A to the Motion to Modify Stay). With respect to the Byline Collateral, the Verified Inventory states that "[o]n information and belief the mortgage likely exceeds the property's current market value." (Ex. A to the Motion to Modify Stay). Debtor claims that this statement does not satisfy Byline's burden of proving Debtor's lack of equity in the property. However, Byline is not required to prove evidentiary matters in pleadings. Whether the Debtor has equity in the property is a matter of evidentiary proof and Byline will prove at an evidentiary hearing that the Debtor has no equity in the Byline Collateral through expert testimony as to the value of the property. "Hearings on motions for relief from stay are summary proceedings at which the court decides limited issues." *Rinaldi v. HSBC Bank USA,*

5

*N.A. (In re Rinaldi),* 487 B.R. 516, 530 (Bankr.E.D.Wis.2013). "At a stay relief hearing under Section 362(g), the movant has the burden to prove lack of equity in property while the party opposing the relief has the burden of proof on all other issues." 11 U.S.C. § 362(g); *In re Basfield*, No. 05-80780, 2010 WL 381603, at *1 (Bankr. C.D. Ill. Jan. 26, 2010). Thus, Debtor's argument with respect to Byline's burden of proof is premature as the Court has not yet conducted an evidentiary hearing on this issue.

### A.   The Byline Collateral is Not Necessary for an Effective Reorganization.

Once Byline proves that the Debtor has no equity in the property and its claim is undersecured, the burden of proof shifts to the Debtor to establish that the property is necessary to an effective reorganization. 11 U.S.C. § 362(g); *see United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375 (1988); *Matter of 8th St. Vill. Ltd. P'ship*, 88 B.R. 853, 856 (Bankr. N.D. Ill.) *aff'd sub nom. In re 8th St. Vill. Ltd. P'ship*, 94 B.R. 993 (N.D. Ill. 1988). As articulated by the Supreme Court in *Timbers:*

> What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property *is essential* for an effective reorganization *that is in prospect*. This means ... that there must be a reasonable possibility of a successful reorganization within a reasonable time.

*Timbers,* 484 U.S. at 375–76, 108 S.Ct. 626 (emphasis in original) (internal quotation omitted); (discussed and followed in *In re Batista-Sanechez*, 493 B.R. at 529).

"Furthermore, the Debtor must establish that "(1) it is moving meaningfully to propose a plan of reorganization; (2) the proposed or contemplated plan has a realistic chance of being confirmed; and (3) the proposed or contemplated plan is not patently unconfirmable." *Batista-Sanechez*, 493 B.R. at 529. Here, Debtor claims that the Byline Collateral properties are rent-producing properties, but Debtor fails to offer any evidence of any sort of identifiable income.

Even assuming that the Byline Collateral produces income, as alleged, Debtor fails to prove that this revenue will provide Debtor with sufficient funds to pay for the maintenance, insurance and taxes on the property. Debtor fails to offer any proofs regarding financial projections which would show an ability to reorganize. In addition, the Debtor has failed to offer any evidence that it is moving towards a reasonable possibility of a successful reorganization within a reasonable time. Thus, if Debtor alleges that Byline failed to meets its burden of proof with respect to equity, the same argument could be made that Debtor fails to meet his burden with respect to his ability to reorganize and the need for Byline's Collateral for an effective reorganization. However, Byline submits that these evidentiary proofs and burdens are more appropriately addressed at an evidentiary hearing.

For the forgoing reasons, Byline Bank, respectfully requests that this Court enter an order setting an evidentiary hearing on its Motion to Modify the Automatic Stay.

                                  Respectfully submitted,

                                  BYLINE BANK,

                                BY: /s/ Christine R. Frymire
                                       One of its Attorneys

Richard H. Fimoff (#804886)
Vincent T. Borst (#6192904)
Christine R. Frymire (#6319177)
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street, Suite 3300
Chicago IL  60601
312-456-0185
rfimoff@rsplaw.com
cfrymire@rsplaw.com